UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES GOLF LEARNING
INSTITUTE, LLC and WILLIAM J.
KAMM & SONS, INC.,

    Plaintiffs,
v.                               Case No. 8:11-cv-2184-T-33EAJ

CLUB MANAGERS ASSOCIATION OF
AMERICA and PROFESSIONAL
MANAGEMENT SERVICES GROUP, INC.
d/b/a SCI COMPANIES,

    Defendants.
_____/

**<u>ORDER</u>**

This matter is before the Court pursuant to Defendant Professional Management Services Group, Inc.'s[1] Motion to Dismiss Counts III and IV of the Complaint (Doc. # 27), filed on October 11, 2011. Plaintiffs filed their Response in opposition thereto (Doc. # 30) on October 24, 2011, and Defendant filed a Reply (Doc. # 33) on November 11, 2011. Defendant filed a Supplemental Motion to Dismiss to Assert Res Judicata and Collateral Estoppel (Doc. # 36) on November 28, 2011. Plaintiffs filed a Response in opposition to the Supplemental Motion to Dismiss (Doc. # 38) on December 8, 2011. For the reasons that follow, the Court grants the

---

[1] The parties refer to Defendant Professional Management Services Group, Inc. as "SCI." For the sake of clarity, the Court will do so as well.

Supplemental Motion to Dismiss, and denies as moot the Motion to Dismiss.

I. **Background and Procedural History**

This suit arises from breach of contract and tortious interference claims filed in the United States District Court for the Eastern District of Virginia on August 16, 2011. (Doc. # 1). Because only Counts III and IV of the Complaint were transferred to this Court from the Eastern District of Virginia, the claims against Defendant Club Managers Association of America (CMAA) are not before this Court. (Doc. # 21). Nonetheless, the Court will summarize all the factual allegations in the Complaint in order to clarify the issues.

A. **The CMAA Contract**

Plaintiff United States Golf Learning Institute, Inc. (USGLI) provides online educational courses for the management and staff of golf, country and city clubs. (Doc. # 1 at ¶ 9). CMAA is a professional association for club managers. (Id. at ¶ 10). On October 1, 2009, USGLI and CMAA entered into a one-year contract in which the parties agreed to jointly develop and market to CMAA members online courses called the Club Learning Institute. (Id. at ¶ 11).

Defendant SCI provides Human Resource Outsourcing solutions. (Doc. # 1-2). In June 2010, CMAA announced that SCI

2

would provide member clients with free access to the Club Learning Institute "to reduce risk and control insurance costs." (Doc. # 1 at ¶ 12). On or about November 11, 2010, USGLI and CMAA entered into a new contract (the "CMAA Contract") in which the parties agreed to jointly market USGLI's Risk Management Module and other jointly developed training modules to CMAA members via the Club Learning Institute. (Id. at ¶¶ 13-18).

USGLI agreed to pay CMAA $500 on each annual contract paid by a CMAA member. (Id. at ¶ 17). CMAA agreed not to offer any online training similar to the Club Learning Institute for a one-year period from the termination date of the CMAA Contract. (Id. at ¶ 19). The initial term of the CMAA contract was one year from its effective date of October 1, 2010. The contract renewed by its own terms on July 1, 2011, making it effective through October 1, 2012. (Id. at ¶¶ 20-22).

On or about July 6, 2011, CMAA began to promote a competing online learning platform called the CMAA University, with the course content and Internet infrastructure provided by SCI. (Id. at ¶¶ 23-27). USGLI considered this a breach of the CMAA Contract, and proceeded with the contractual prerequisites to suit. (Id. at ¶¶ 28-30).

B.  **The SCI Contract**

Plaintiff William J. Kamm and Sons, Inc. (WJK), an affiliate of USGLI, entered into an Independent Sales Producer Agreement with SCI effective March 18, 2010 (the "SCI Contract"). WJK agreed to promote SCI's human resources services to CMAA members, and SCI agreed to pay WJK commissions, to exclusively promote the Club Learning Institute to CMAA members and to offer, at SCI's expense, one year of the Club Learning Institute to all CMAA members who signed up for SCI's services irrespective of whether WJK brought the CMAA member to SCI. (<u>Id.</u> at ¶¶ 31-33). On July 6, 2011, SCI announced CMAA University Online, an online training system in direct competition with the Club Learning Institute. (<u>Id.</u> at ¶¶ 35-38). Furthermore, SCI has not provided one year of the Club Learning Institute to any CMAA member it has contracted with since the inception of the SCI Contract. (<u>Id.</u> at ¶ 39). Thus, WJK alleges that SCI has breached the SCI Contract.

C.  **The Complaint**

The Complaint alleges five counts: Count I by USGLI against CMAA for breach of contract, Count II by USGLI against SCI for tortious interference with contract, Count III by USGLI as third-party beneficiary against SCI for breach of

4

contract, Count IV by WJK against SCI for breach of contract, and Count V by WJK against CMAA for tortious interference with contract. Counts III and IV were transferred to this Court pursuant to a forum selection clause in the SCI Contract. (Doc. # 21). SCI moves to dismiss both counts. (Doc. # 27).

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a

legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

On a motion to dismiss, the Court limits its consideration to the pleadings and exhibits attached thereto. <u>GSW, Inc. v. Long Cnty., Ga.</u>, 999 F.2d 1508, 1510 (11th Cir. 1993). When a document outside the pleadings is considered, Federal Rule of Civil Procedure 12(c) requires that "the motion be treated as a motion for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent by such a motion." Fed. R. Civ. P. 12(c). "Rule 7(a) defines 'pleadings' to include both the complaint and the answer, and Rule 10(c) provides that '[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.'" <u>Horsley v. Feldt</u>, 304 F.3d 1125, 1134 (11th Cir. 2002) (quoting Fed. R. Civ. P. 7(a) and 10(c)). Thus, this Court may consider the various exhibits attached to the Complaint without converting the Motion to Dismiss into one for summary judgment.

Furthermore, "the Eleventh Circuit has held that when considering a Rule 12(b)(6) motion to dismiss, a court may take judicial notice of the public record, without converting the motion to dismiss to a motion for summary judgment."

Martin K. Eby Const. Co., Inc. v. Jacobs Civil, Inc., No. 3:05-cv-394-J-32TEM, 2006 WL 1881359, at *1 (M.D. Fla. July 6, 2006). This is because such documents are capable of accurate and ready determination. Id. (citing Makro Capital of Am., Inc. v. UBS AG, 372 F. Supp. 2d 623, 627 (S.D. Fla. 2005)). Thus, the Court may review documents filed in other judicial proceedings for the limited purpose of recognizing the "judicial act" taken or the subject matter of the litigation and issues decided, without converting the motion to dismiss to a motion for summary judgment. Id. (citing Young v. City of Augusta, Ga., 59 F.3d 1160, 1166 n.11 (11th Cir. 1995)). As such, this Court will consider certain exhibits attached to various motions and responses insofar as they represent documents filed in the Virginia court.

### III. Analysis

SCI moves to dismiss Counts III and IV on the grounds that the SCI Contract is unenforceable. (Doc. # 27 at 6). Aside from the alleged unenforceability, SCI argues that the language of the contract refutes Plaintiffs' allegations of exclusivity and that the contract includes a limitation of liability clause that refutes the demand for damages. (Id. at 10, 12). SCI further asserts that the contract does not identify USGLI as a third-party beneficiary. (Id. at 13). In

7

addition, SCI argues that Plaintiffs have failed to identify any CMAA member who was not provided one year of the Club Learning Institute by SCI. (Id. at 15).

In its Supplemental Motion to Dismiss, SCI argues that res judicata and collateral estoppel preclude Plaintiffs' claims because the Virginia court found the SCI Contract to be unenforceable. (Doc. # 36 at 4). Because the Virginia court has adjudicated related claims that were not transferred to this Court, the Court will address the issues raised in the Supplemental Motion to Dismiss.

Res judicata and collateral estoppel are affirmative defenses that typically should be raised pursuant to Federal Rule of Civil Procedure 8(c) rather than in a motion to dismiss under Rule 12(b)(6). Cope v. Bankamerica Hous. Serv., Inc., No. Civ. A. 99-D-653-N, 2000 WL 1639590, at *4 (M.D. Ala. Oct. 10, 2000) (discussing Concordia v. Bendekovic, 693 F.2d 1073, 1075 (11th Cir. 1982)). However, res judicata and collateral estoppel may be raised on a motion to dismiss when the elements are apparent on the face of the pleadings and public documents of which the court may take judicial notice. Id. This Court takes judicial notice of the memorandum opinion, orders and judgment attached to SCI's Unopposed Motion for Leave to Supplement Motion to Dismiss to Assert Res

Judicata or, in the Alternative, Request to Take Judicial Notice of Judgment against Plaintiffs (Doc. # 34) for the purpose of determining whether the requirements of res judicata and collateral estoppel have been met.

Res judicata "bars relitigation of matters decided in a prior proceeding." Jang v. United Techs. Corp., 206 F.3d 1147, 1149 (11th Cir. 2000). Because this Court must determine the preclusive effect of a prior federal judgment, federal law applies. Hart v. Yamaha-Parts Distrib., Inc., 787 F.2d 1468, 1470 (11th Cir. 1986). Under federal law, "[t]he doctrine of res judicata, or claim preclusion, will bar a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003) (internal quotations and citations omitted). The Court finds that only three of the four elements of res judicata have been met in this case.

Here, a memorandum opinion and order were entered by United States District Judge Leonie M. Brinkema of the Eastern District of Virginia on November 15, 2011. (Doc. ## 34-1, 34-2). Judge Brinkema found the SCI Contract to be unenforceable

9

due to indefiniteness. (Doc. # 34-1 at 22). Judge Brinkema addressed the enforceability of the SCI Contract in the context of Count V of the Complaint – WJK's claim against CMAA for tortious interference with the contract. Nonetheless, the causes of action are the same for res judicata purposes because they "arose from the same nucleus of operative fact and relied on the same factual predicate." Jang, 206 F.3d at 1149.

The parties were not identical in both suits, however. Count V was a claim against CMAA, not SCI. Thus, res judicata can apply only if SCI is in privity with CMAA – that is, in a relationship sufficiently close that "a judgment for or against the party should bind or protect the nonparty." Hart, 787 F.2d at 1472. There is nothing to suggest that CMAA and SCI are in privity in this matter. See id. (explaining the requirements for privity). Thus, the Court finds that Counts III and IV are not precluded by the doctrine of res judicata.

Collateral estoppel, on the other hand, does not require mutuality of the parties. Id. at 1473. Collateral estoppel, or "issue preclusion," applies when (1) the issue at stake is identical to the one alleged in the prior litigation; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue was a critical and necessary part

10

of the judgment in the earlier action; and (4) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue in the prior proceeding. Greenblatt v. Drexel Burnham Lambert, Inc., 763 F.2d 1352, 1360 (11th Cir. 1985).

The Court finds that Counts III and IV are precluded by collateral estoppel. The issue at stake – whether the SCI Contract is enforceable – is the same in both proceedings. The issue was actually litigated and was necessary to the determination of the tortious interference claim.[2] Furthermore, WJK had a full and fair opportunity to litigate the issue in the prior proceeding.[3]

Plaintiffs argue that this Court should not apply collateral estoppel in this case because SCI voluntarily sought to transfer Counts III and IV to this Court. (Doc. # 38 at 2). As such, Plaintiffs contend, allowing SCI to assert the Virginia court's judgment would be unfair. (Id.). Plaintiffs

---

[2] As Judge Brinkema noted, a claim for tortious interference with a contractual relationship requires the existence of a valid contract. (Doc. #34-1 at 14-15). Thus, Judge Brinkema properly focused on the enforceability of the SCI Contract in analyzing the tortious interference claim.

[3] Although USGLI was not a party to Count V, USGLI and WJK are "affiliates" to the extent that USGLI asserts a claim against SCI as an intended third-party beneficiary to the SCI Contract (Count III). (Doc. # 1 at ¶¶ 31, 64).

11

assert unfairness based upon the application of offensive collateral estoppel, which is the use of collateral estoppel by a plaintiff who was not a party to the prior action against a defendant who was. <u>Parklane Hosiery Co., Inc. v. Shore</u>, 439 U.S. 322, 326 (1979). In <u>Parklane Hosiery</u>, the Supreme Court gave trial courts broad discretion to determine when to apply offensive collateral estoppel but offered several situations when it might be unfair: when the defendant had little incentive to litigate vigorously in the first action, when the judgment relied upon is inconsistent with previous judgments in favor of the defendant, or when the second action offers the defendant procedural opportunities unavailable in the first action. <u>Id.</u> at 330-32.

This case involves defensive collateral estoppel, in which a defendant who was not a party to the prior claim invokes collateral estoppel against a plaintiff who was. <u>Brewer v. Dupree</u>, No. 00-T-543-N, 2003 WL 23507795, at *4 (M.D. Ala. Feb. 12, 2003). "While defensive use of nonmutual collateral estoppel is an accepted practice, it must still conform to the requirements of fairness. Fairness factors are, however, less of a concern where, as here, estoppel is asserted defensively." <u>Id.</u> (internal quotations and citations omitted). "The most significant safeguard in applying estoppel

12

is 'the requirement of determining whether the party against whom an estoppel is asserted had a full and fair opportunity to litigate.'" Id. at * 5 (quoting Blonder-Tongue Labs, Inc. v. Univ. of Ill. Found., 402 U.S. 313, 329 (1971)). Plaintiffs have not claimed that they did not have a full and fair opportunity to litigate. In any event, the Court has considered the factors outlined in Parklane Hosiery and finds none of the circumstances that might militate against the application of collateral estoppel.

Plaintiffs ask that, should the Court elect to dismiss Counts III and IV, the Court to do so without prejudice. (Doc. # 38 at 4). "Plaintiffs believe that there are additional facts that the Plaintiffs can plead that cure the alleged indefiniteness of the SCI Contract. As a result, Plaintiffs filed a Rule 59(e) motion to amend the judgment [in the Virginia proceeding] and convert it into a dismissal without prejudice, with leave to file an amended complaint." (Id.).

"It is, of course, true that changes in facts essential to a judgment will render collateral estoppel inapplicable in a subsequent action raising the same issues." Montana v. United States, 440 U.S. 147, 159 (1979). However, newly discovered evidence precludes collateral estoppel only if the party against whom the doctrine is asserted was deprived of

13

that evidence in the prior litigation through no fault of his own. In re Ga. Granite Co., Inc., 86 B.R. 733, 739 (Bankr. N.D. Ga. 1988).

Plaintiffs have not alleged that the additional facts they wish to assert constitute newly discovered evidence. In their Rule 59(e) motion filed in the Virginia proceeding, Plaintiffs sought leave to amend the Complaint to plead additional facts regarding the course of conduct between the parties – facts of which Plaintiffs must have been well aware. (Doc. # 38, Ex. A). The Court is not persuaded that these additional facts render collateral estoppel inapplicable. Thus, the Court finds that dismissal with prejudice is warranted.

## IV. Conclusion

The Court finds that Plaintiffs' claims are precluded by the doctrine of collateral estoppel, and therefore grants the Supplemental Motion to Dismiss (Doc. # 36). The Court finds it unnecessary to address the substantive arguments raised in Defendant's Motion to Dismiss (Doc. # 27), and denies the Motion as moot.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED** that**:**

(1) Defendant's Supplemental Motion to Dismiss to Assert Res Judicata and Collateral Estoppel (Doc. # 36) is **GRANTED**.

(2) Defendant's Motion to Dismiss Counts III and IV of the Complaint (Doc. # 27) is **DENIED AS MOOT**.

(3) Counts III and IV of the Complaint are dismissed with prejudice. The Clerk is directed to enter judgment in favor of Defendant Professional Management Services Group, Inc. d/b/a SCI Companies and against Plaintiffs. Thereafter, the Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>9th</u> day of March 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record